IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA

    v.      Case No. 17-cr-120-jdp

DEBORAH MARCELLUS ,

    Defendant.

GOVERNMENT'S MOTION TO RECONSIDER BRIEFING SCHEDULE

On April 8, 2020, defendant filed a Motion for Compassionate Release under the First Step Act. (R. 46). In that motion, the defendant proposed that the government be required to respond to the motion in five days and the defense have one day to reply. Defendant also requested that the Court direct the U.S. Probation Office to turn over all of the defendant's medical records from FMC Carswell, including those from her hospitalization at JBS Hospital in Fort Worth that are in the Federal Bureau of Prison's (BOP) custody, and a copy of her petition for compassionate release and related documentation. Presumably, the U.S. Probation Office would first have to obtain documentation from BOP and then provide the responsive records to the parties.

On April 9, 2020, the Court set a briefing schedule giving the government five days to respond, consistent with defendant's request. The government respectfully requests that the Court reconsider and amend the current briefing schedule to require the government to respond three days after the U.S. Probation Office receives the

medical records and compassionate release administrative materials requested by the defense.

The government cannot respond to the defendant's motion without an opportunity to review the BOP documentation. Most significantly, the government needs to review the documentation supporting defendant's assertion that she has already exhausted her administrative remedies. The First Step Act requires that a defendant exhaust administrative appeals through BOP or wait 30 days after presenting a request to the warden before seeking judicial relief. *See* 18 U.S.C. § 3582(c)(1)(A).

While the government understands that the defendant wants her motion decided as soon as possible, the government has an obligation to object when a defendant has not met the statutory requirements. Until the government has an opportunity to review the BOP documentation, it cannot meaningfully take a position other than to argue that absent proof of exhaustion of administrative remedies, this Court is without legal authority to grant the defendant's motion. *Id*; *see also United States v. Raia*, 2020 WL 1647922, at *2 (3d Cir., April 2, 2020) (affirming administrative exhaustion requirements even in light of COVID-19).

Dated this 9th day of April, 2020.

Respectfully submitted,

SCOTT C. BLADER
United States Attorney

By:   /s/

AARON D. WEGNER
Assistant U. S. Attorney